GIBBON, Respondent, vs. HUGHES and another, Appellants.

*March 19 — April 8, 1890.*

*Sale of chattels: Evidence: Instructions to jury.*

1. In an action for the purchase price of a harvester rejected for working badly, the plaintiff testified that at the time of the sale and at the defendant's request he delivered to them a contract between the manufacturer and himself, containing stipulations as to measures to be taken in case the machine failed to do good work, and that the sale to the defendants was under the same stipulations. *Held,* that this testimony justified the admission of that contract in evidence.

2. Although the main issue was as to whether the title had passed to the defendants, evidence that after the commencement of the action the plaintiff had attempted to dispose of the machine to a third person was properly excluded.

3. Evidence that the machine did good work before and after the defendants used it, was admissible as tending to show that if it did not work well for them it was because it was not properly managed.

4. The presumption is that the machine had not been repaired or improved when it afterwards did good work.

5. The claims of the respective parties having been clearly and fully stated, a general charge that the jury should find accordingly as they might find the claim of either party to be true and sustained by the evidence, was not erroneous.

APPEAL from the Circuit Court for *Iowa* County.

Action to recover the purchase price of a harvester alleged to have been sold by the plaintiff to the defendants. The facts will sufficiently appear from the opinion.

For the appellants there was a brief by *Spensley & McIlhon,* and oral argument by *Calvert Spensley.*

*Aldro Jenks,* for the respondent.

ORTON, J. According to the testimony of the plaintiff, he sold to the defendants a McCormick steel harvester and binder, on the 5th day of July, 1887, for $135, payable the 1st day of October, 1888, and delivered to them a contract

of the McCormick Harvesting Machine Company, that he received of said company on the purchase of said machine, containing a condition that "if, upon one day's trial, the machine should not work well, the purchaser shall give immediate notice to said company or their agent, and allow time to send a person to put it in order," etc. The defendants had seen the machine tested on trial in the field, and after they purchased it they tried it a few days in their harvest, and about the 20th day of said July notified the plaintiff that it would not do good work, and to take it away. The machine was a perfect one, and would have done good work if properly managed, and had done so, and did so afterwards. It seems that the defendants left the machine in a fence corner on their own farm, and it remained there, exposed to the weather, until the harvest of 1888, when a neighbor took it without leave and used it in his harvest, and it performed well and did good work.

According to the testimony of the defendants, they did not purchase the machine at all, but took it on trial, and on the condition that if it worked well or satisfactorily they were to keep it and pay as above stated; otherwise, they were to notify the plaintiff and he was to take it away. The machine did not work well or satisfactorily, and was defective in its construction, and they notified the plaintiff accordingly, and left the machine in the fence corner for him to take away.

These conflicting theories of the transaction and the character and working of the machine were sustained by conflicting testimony in corroboration of that of the respective parties. The instructions of the court to the jury consisted in stating these conflicting claims of the parties, and in directing the jury to find for either party as they might find one or the other of these claims supported by the evidence. The jury found for the plaintiff. The defendant made a motion for a new trial on the merits and for errors of law, which was denied.

1. On the merits of the case, there does not appear to be any preponderance of the evidence against the verdict, and there was evidence which warranted the jury in finding for the plaintiff.

2. The testimony justified the admission in evidence of the McCormick contract. The testimony of the plaintiff was that one of the defendants asked for that contract, and it was delivered to him, and that the machine was sold on the same terms and guaranty, and it went with the machine.

3. One of the defendants was asked, as a witness, whether he had any conversation with the plaintiff about his (the plaintiff) having attempted to dispose of the machine after it was delivered. This was objected to by the plaintiff's counsel on the ground that it was after the suit was commenced. The court sustained the objection on that ground. The learned counsel of the appellants contend that such evidence was proper as tending to show that the plaintiff still claimed the machine as his property, and to corroborate the testimony of the defendants to that effect. The testimony was objectionable for that very reason, and that the jury might accept it as tending to show that the property still belonged to the plaintiff, when it ought not to have any such effect. It would be preposterous to suppose that the plaintiff, during the pendency of the action in which he claimed that he had sold the machine to the defendants and that the property was theirs and not his, would say or do anything that would imply that he had not sold but still owned it, and have the effect to defeat his action. The plaintiff had a right to offer the machine for sale on condition of an adverse judgment in the action and he was compelled to take it back, or to ascertain whether it would not be more profitable to him to sell it again than to litigate with the defendants about it. Such a statement, like a proposition of settlement or of compromise, should not be

allowed against the right of the party making it, for it is in the interest of peace. *State Bank v. Dutton*, 11 Wis. 371. The same principle was laid down by this court in *Hinton v. Coleman*, *ante*, p. 221. The question was raised whether the plaintiff had not admitted that he was not employed by the defendants to purchase the property, by offering to purchase it for others. It was held that the testimony should have no such effect, but only that he wished to make sure of a purchaser, and save his fees in case the defendants did not take it. In this view, the evidence rejected was immaterial if not improper. It should have done the plaintiff no harm, nor the defendants any good, on the main issue in the case,— whether the property in the machine had passed to the defendants.

4. It is assigned as error that the plaintiff was allowed to introduce testimony to prove that the machine worked well or did good work before and after the defendants used it. The contention on this point is that the testimony should be confined to the question whether it did good work when the defendants used it, and, if not, whether it was for the reason that it was not properly managed. If the machine did *good* work just before and afterwards, the inference would seem to be, if it did not do good work when the defendants used it, that it was not properly managed. So that the testimony reaches the same point either way,— that it either did good work or it was not properly managed.

It is further contended, in relation to the testimony that it did good work for the neighbor who took it from the fence corner, where the defendants left it, throughout his harvest of the next year, that the plaintiff ought to have shown affirmatively that it had not been repaired or improved before he used it. The burden of proof lies on the affirmative, and not on the negative. *Wright v. Hartford F. Ins. Co.* 36 Wis. 522; *Hayes v. Frey*, 54 Wis. 503. It is

a presumption of fact that the machine remained in the same condition up to the time it was so taken and used by the neighbor; and it was for the defendants to prove that it had been repaired or improved. *Laughlin v. C. & N. W. R. Co.* 28 Wis. 204.

5. The instructions asked by the defendants, and which the court refused to give, are substantially embraced in those given in the general charge.

6. The general charge, that the jury should find accordingly as they might find the claims of either party to be true and sustained by the evidence, was not erroneous. A charge substantially the same was sanctioned by this court in *Somers v. McLaughlin,* 57 Wis. 358. The claims of the respective parties seem to have been fairly, clearly, and fully stated to the jury as the basis of this general charge. There was nothing in the case that required any more specific instruction. The court gave one of the three instructions asked, which substantially embraced the other two. We do not think the jury were misled by the instructions, or misunderstood them; and their verdict seems to be sustained by the evidence.

*By the Court.*— The judgment of the circuit court is affirmed.