JAMES HENRY, Respondent, *v.* THE STATEN ISLAND RAILWAY COMPANY, Appellant.

In an action to recover damages for an injury received by an employee of defendant, through its alleged negligence, it appeared that plaintiff was employed in loading and unloading a dirt train; the train had been standing for about an hour on a down grade while being loaded. The evidence showed that not all, and tended to show that but two of five brakes upon the cars of the train were set. Those employed in loading were directed to get aboard, and while climbing on the cars from some cause they started, and plaintiff, who was between two of them attempting to get aboard, was injured. It appeared also that the brakes, although not the best in use, were such as were in common use on dirt cars, and that they had been inspected and put in order a short time before the accident; also that the cars were suitable for the purpose for which they were used. There were two brakemen on the train whose duty it was to look after and apply the brakes. It was not shown that they were incompetent. *Held*, that the court erred in refusing to dismiss the complaint; that the jury were not justified in finding that the movement of the cars was attributable to any defects in the brakes; but the only reasonable inference was that it was owing to the fact that only part of the brakes were set; and if the injury was caused by the neglect of the brakemen in this respect it was the negligence of co-servants, for which the defendant was not liable.

At the time of the movement of the cars the engine was standing on the track, reversed, the engineer was upon the tender of the engine calling to the men, the movement pushed the engine forward a few feet, the fireman let on a little steam and the engine backed the train about the

distance it had moved forward, and on the engine being again shoved forward the fireman again backed it; this was repeated two or three times. The evidence was not clear as to the precise time plaintiff was injured; he was between the cars when they first moved forward. The evidence was to the effect that this handling of the engine was proper under the circumstances. *Held,* that, assuming plaintiff was injured by the backing of the train, the evidence failed to show that the conduct of the fireman was not discreet and prudent.

It was claimed that defendant was negligent in not sending out a conductor with the train, that if one had been sent the engineer would have been upon the engine and might have managed the train more skillfully. *Held,* that upon the facts proved no presumption arose that if the engineer had been upon the engine the accident would not have happened.

(Argued May 31, 1880; decided June 8, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover damages for injuries alleged to have been caused by defendant's negligence.

Plaintiff was a laborer employed in loading and unloading a dirt train on defendant's road engaged in drawing dirt to fill in a dock. The train consisted of four dirt cars with locomotive. There were employed to operate the train an engineer, fireman and two brakemen. The latter assisted in shoveling. The train was in charge of the engineer. At the time of the accident the cars were being loaded. The train was standing on a down grade with the engine reversed. The engineer, standing on the tender, called to the men to get on board. While they were climbing upon the train and while plaintiff was between the first and second cars attempting to get on board, the cars started from some cause which did not directly appear and plaintiff was injured. The further material facts are stated in the opinion.

*James McNamee* for appellant. The burden of proof is on plaintiff to show that he was injured by negligence of his employer, and to do this he must show affirmatively what caused the accident. (*De Graff* v. *N. Y. C. & H. R. R. R.*

*Co.*, 3 T. & C. 256; *Hofnagle* v. *N. Y. C. & H. R. R. R. Co.*, 55 N. Y. 610; *Warner* v. *Erie Railway Co.*, 39 id. 468; *Malone* v. *Hathaway*, 64 id. 5, 8; *Wright* v. *N. Y. C. R. R. Co.*, 25 id. 562; *Lamb* v. *Camden & Amboy R. R. & T. Co.*, 46 id. 271; *Rose* v. *Boston & A. R. R. Co.*, 58 id. 222; *Trew* v. *Railway Passengers' Assur. Co.*, 5 Hurl. & Norm. [Exch.] 210; *Lehman* v. *City of Brooklyn*, 29 Barb. 236; *Curran* v. *Warren Chem. & Mfg. Co.*, 36 N. Y. 153; *Hayes* v. *Western R. R. Co.*, 3 Cush. 270, 274; *Cosgrove* v. *N. Y. C. & H. R. R. R. Co.*, 13 Hun, 332; *Leonard* v. *Collins*, 70 N. Y. 94; *Penn. R. R. Co.* v. *Fries*, 7 Weekly Digest, 32; *Haley* v. *Earle*, 30 N. Y. 208.) Ordinary care and diligence, the acknowledged measure of the defendant's obligatien, does not require the application of unusual tests, or the employment of the utmost possible safeguards. (*Warner* v. *Erie Railway Co.*, 39 N. Y. 474; *Crafter* v. *Metropolitan Railway Co.*, Har. & Ruth. 164; *Rigg* v. *Manchester S. & L. Railway Co.*, 12 Jurist [N. S.], part 1, p. 525; *Dynen* v. *Leach*, Law Journal, 1857, vol. 26 [N. S.]; Com. Law [Exch.], 221; *Assop* v. *Yates*, 2 Hurl. & Norm. [Exch.] 767; *Wonder* v. *Balt. & O. R. R. Co.*, 32 Md. 417; Wood, in his Law of Master and Servant, § 331; *Smith* v. *St. Louis, Kan. City & N. R. R. Co.* [to appear in 69 Mo.]; Alb. L. J. of Jan. 30, 1880; *De Graff* v. *N. Y. C. & H. R. R. R. Co.*, 3 T. & C. 225; 76 N. Y. 125; *Piper* v. *N. Y. C. & H. R. R. R. Co.*, 1 T. & C. 290; 56 N. Y. 630.) The plaintiff waived any rights to complain of the absence of steps with handles upon placing himself between the cars. (*Ryan* v. *Fowler*, 24 N. Y. 416; *Seymour* v. *Maddox*, 16 Q. B. 330; *De Graff* v. *N. Y. C. & H. R. R. R. Co.*, 3 T. & C. 255; *Gibson* v. *Erie Railway Co.*, 63 N. Y. 452; *Woodly* v. *Metropolitan District R. R. Co.*, 5 Weekly Dig. 276; *Jackson* v. *Metropolitan Railway Co.*, House of Lords, The Reporter, vol. 5, 636.) The use of the common brake instead of the Tanner brake was not a defect, nor was the company bound to place Tanner brakes on these cars. (*Piper* v. *N. Y. C. & H. R. R. R. Co.*, 1 T.

& C. 290; 56 N. Y. 630; *Salters* v. *Del. & Hud. Can. Co.,* 3 Hun, 338.) Plaintiff by continuing to labor on the train, with knowledge that there was no conductor, waived any right to complain of this absence. (*Ryan* v. *Fowler,* 24 N. Y. 416; *Seymour* v. *Maddox,* 16 Q. B. 326; *Woodly* v. *Met. District Ry. Co.,* 5 Weekly Dig. 276; *De Graff* v. *N. Y. C. & H. R. R. R. Co.,* 3 T. & C. 255; *Skipp* v. *East. Co. Ry. Co.,* 63 N. Y. 449.) If a conductor starts a train too quickly, and thereby injures another employee, the railroad company is not liable, because they are all fellow-employees; and the fact that one man happens to be acting in those two capacities when he commits such a careless act does not change the relationship or shift the negligence over to the employer. (*Coon* v. *Syracuse & Utica R. R. Co.,* 5 N. Y. 492; *Russell* v. *Hudson R. R. R. Co.,* 17 id. 134; *Sherman, Adm'x,* v. *Rochester & Syracuse R. R. Co.,* id. 153; *Boldt* v. *N. Y. C. R. R. Co.,* 18 id. 132; *Wright* v. *N. Y. C. R. R. Co.,* 2 id. 566; *Warner* v. *Erie Ry. Co.,* 39 id. 470; *Chicago & Alton R. R. Co.* v. *Keefe,* 47 Ill. 108.)

*Albert B. Boardman* for respondent. Defendant was guilty of negligence which caused the plaintiff's injuries. (*Wright* v. *N. Y. C. R. R. Co.,* 25 N. Y. 565; *O'Mara* v. *H. R. R. R. Co.,* 38 id. 448; *Keating* v. *N. Y. C. R. R. Co.,* 49 N. Y. 673; *Flike* v. *Boston & Albany R. R. Co.,* 53 N. Y. 550.) The question whether or no the plaintiff was guilty of contributory negligence was properly left to the jury, and the finding of the jury on this point is conclusive. (*Filer* v. *N. Y. C. R. R. Co.,* 49 N. Y. 47; *Ernst* v. *Hudson R. R. R. Co.,* 35 id. 40; *Sprong* v. *B. & A. R. R. Co.,* 58 id. 56; *Keating* v. *N. Y. C. R. R. Co.,* 49 N. Y. 673.)

ANDREWS, J. We think the motion to dismiss the complaint in this action made at the close of the evidence should have been granted. The burden was upon the plaintiff to show that the injury was attributable to the negligence of the defendant. It did not establish his case to show that he

was injured without his fault, by the movement of the cars
when he was attempting to get upon them. This single fact
proved neither negligence nor the absence of negligence on the
part of the company. It appeared that the tender and each of
the platform cars was supplied with a brake. It is claimed the
brakes were not the best in use, and that the jury had a right
to infer from this and the movement of the cars that the
brakes were insufficient to hold the train. But it appeared
that the brakes were such as were in common use on dirt cars,
and also that the brake on the second car was not set when the
cars began to move, and the evidence made it probable that the
two other of the five brakes were also loose at this time, and
no evidence was given by the plaintiff, that more than two of
the five brakes were then set. It also appeared that the cars
had remained standing on a down grade without moving, for
about an hour before the accident, while they were being loaded,
and that the moving occurred just after the twenty-eight or
thirty laborers employed with the train had been directed to get
aboard, and while they were climbing on the cars. It was also
shown that the cars and brakes were inspected and put in order
a short time before the accident, and it affirmatively appeared
that the cars were suitable for the purpose for which they were
used. Upon this state of the proofs it is plain that the jury
would not have been justified in finding that the first move-
ment of the cars was attributable to any defect in the brakes.
A part only of the brakes were set, and the only reasonable
inference is that the first movement of the cars was owing to
this fact. The action cannot therefore be sustained upon the
theory that the company neglected to furnish suitable cars, ma-
chinery, or appliances for the use of their employees. There
were two brakemen on the train whose duty it was to look
after and apply the brakes. They also assisted in shoveling.
The neglect to set the brakes when the cars stopped for load-
ing was the neglect of the brakemen. They had experience
as brakemen, and it was not shown that they were not fit and
competent persons to discharge the duty to which they
were assigned. If therefore the injury to the plaintiff was

caused by their neglect to set the brakes, it was the negligence of co-servants, for which the master is not responsible. It is claimed that the injury to the plaintiff was not caused by the first movement of the train, but by the handling of the engine by the fireman, who was the only person on the engine at this time. It appears that the engineer was then upon the tender, and had just before directed the laborers to get aboard. The movement of the cars upon the engine pushed the engine forward a few feet. The engine before this was standing upon the track reversed, and the fireman, on the engine being moved forward down the grade by the momentum of the cars, let on a little steam, and the engine backed the train about the distance it had moved forward, and on the engine being again shoved forward the fireman backed it again, and this was repeated two or three times. The evidence is not clear as to the precise time when the plaintiff was injured. He was between the first and second car when the cars first moved forward. But assuming that he was injured by the backing of the train, the evidence fails to show that the fireman in arresting the forward movement of the cars, and applying the steam for this purpose as he did, was not acting discreetly and prudently. The affirmative evidence tends to show that his management of the engine was proper under the circumstances. It is not impossible that except for his action in stopping the forward movement of the train, the plaintiff might have suffered a still severer injury.

It is claimed that the company was negligent in not sending out a conductor with the train, and it is said that if a conductor had been sent, the engineer would have been upon the engine, and might have managed the train in the emergency more skillfully, and thereby the accident might have been prevented. But this is speculative and conjectural merely, and upon the facts proved, no presumption arises that if the engineer had been upon the engine, the injury would not have happened.

The plaintiff produced an expert who had been employed on large railroads, who stated that on these roads conductors were sent out with dirt trains. But it appeared on his cross-exami-

nation that this was done merely for the purpose of preventing collisions with other trains, and he finally stated in substance, that on a road like the defendant's, having comparatively little traffic, and running but few trains, a competent engineer was sufficient without a conductor to protect and manage the train in question. There was no other evidence of the necessity of a conductor aside from the evidence of this witness, and his evidence is insufficient to support the claim that the omission to send a conductor was negligence. The defendant sent with the train an engineer, fireman, and two brakemen. If the sending of a conductor with this train was a proper and reasonable precaution against accidents, the failure to do this did not subject the company to liability for injury to the plaintiff, unless the absence of the conductor caused or contributed to the injury, and of this there was no evidence.

We think the judgment cannot be sustained. It does not appear that the defendant's negligence caused the plaintiff's injury. It seems to be quite clear that it was occasioned by the negligence of the brakemen, but if this may be questioned, the plaintiff's case fails to show that the defendant omitted any duty which makes it responsible to the plaintiff.

The judgment should be reversed, and a new trial granted.

All concur, except MILLER, J., not voting.

Judgment reversed.