Worachek vs. The New Denmark Mutual Home Fire Ins. Co.

---

WORACHEK, Respondent, vs. THE NEW DENMARK MUTUAL HOME FIRE INSURANCE COMPANY, Appellant.

*January 16 — January 31, 1899.*

(1) *Fire insurance: Waiver of condition: Knowledge of existing facts.*
(2) *Instructions to jury: Special verdict.*

1. The knowledge or information on the part of the insurer, at the time of issuing a policy, which will operate as a waiver of a condition therein must be knowledge of an existing fact or condition of things, and not a mere statement by the insured of an intention to do some act in the future contrary to such condition of the pol-

icy. Thus, the fact that the agent of a township mutual fire insurance company, at the time he wrote a policy covering household goods, saw a portable engine near the house, and was informed by the insured that it was intended for use in the future where it stood, did not constitute a waiver of a provision in the policy against the insurance of property located within 200 feet of any steam power, at least unless the engine was apparently permanently located in its position and so attached or capable of attachment to machinery that it would be apparent to the agent that it was customarily used in that place.

2. An instruction which states to the jury what will be the effect of their answer to a question submitted for special verdict is objectionable. [Whether such an instruction would of itself work a reversal in this case, not determined.]

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, JR., Circuit Judge. *Reversed.*

This is an action to recover upon a policy of insurance for the loss of household furniture and wearing apparel of the plaintiff, which were destroyed by fire March 9, 1897. The issuance of the policy was not denied, nor was the fact that a fire occurred by which some damage was done to the property; but it was claimed by the defendant that one of the conditions of the policy had been broken by the plaintiff, and that she had been guilty of false and fraudulent swearing in making her proofs of loss as to the value of the property destroyed.

The action was tried by jury, and it appeared upon the trial that the defendant is a mutual town insurance company, organized under the laws of this state; that the plaintiff applied for and received the policy of insurance from the defendant on the 22d of July, 1896, covering her household furniture and wearing apparel, in the sum of $150, which were then situated in the dwelling house of one George Worachek, which policy ran for five years from its issuance; that the property was damaged by fire on the 12th of March, 1897; that the policy contained the following provision: "No property of steam machinery or manufactories wherein

steam is employed shall be insured in this company. And no property shall be insured in this company unless such property is two hundred (200) feet apart from any steam power and any railroad track, except horses and other live stock in case if killed or damaged by lightning at the premises of the assured." It further appeared that Joseph Worachek, the plaintiff's husband, acted as the agent of the plaintiff in procuring the insurance, and that one. Markinson was the agent of the company who examined the premises and took the application for the insurance; that, at the time the application was made to Markinson, there was standing upon the premises, and within 200 feet of the dwelling house, a portable steam engine; and that in the barn upon the premises, which was also within 200 feet of the dwelling house, there was a feed mill. The testimony does not clearly show whether the engine was connected with the mill by a belt at the time the application was made, but it is admitted by all parties that there was conversation about the engine and the feed mill at the time. The plaintiff's husband claims that he showed the agent both the engine and the feed mill, and told him that they ground feed with them right along in the fall of the year, and sometimes in the summer; and he also testified that he and his son George ground feed and cut straw with the engine all around among the neighbors, and, in threshing time, threshed with the engine.

There was testimony tending to show that the engine generally stood in about the same place in the barn yard in front of the barn, and that the belt was generally taken off when the feed mill was not in operation, and that there was nothing about the position of the engine when it was not operating that would cause a passer-by to know that there was a mill operated by it. Markinson testified that he saw the steam engine standing in the yard, not in a position to be attached; that he went in the barn, and saw the mill in the barn; that Joseph Worachek told him that he went around and ground feed and cut straw for the neighbors,

Worachek vs. The New Denmark Mutual Home Fire Ins. Co.

but did not say that he used it at his place there for that purpose, but that he did say that he was going to use it there; that he (Markinson) told him that the company would not allow that, and would cancel the policy if he ran that feed mill, there, and that he would have to put it off 200 feet from the building; that Worachek then said he would not put it there. There was other proof tending to substantiate Worachek's statement as to what he told the agent.

A special verdict was demanded, and was rendered, as follows: "(1) Did the agent who took the application for the policy in question know at the time he took such application that the plaintiff had used and intended to continue using a steam engine within two hundred (200) feet of the insured property? A. Yes. (2) Did the defendant's agent inform the plaintiff that defendant would not allow the plaintiff to use a steam engine within two hundred (200) feet of the insured property? A. No. (3) Did the plaintiff knowingly make any misrepresentations or false statements in her proof of loss or examination before the officers of the company in relation to the value, quantity, quality, or description of any personal property destroyed or damaged by the fire in question? A. No. (4) What was the value of the personal property belonging to the plaintiff which was destroyed by the fire in question? A. $125."

The plaintiff remitted the sum of $5 from the amount of the verdict, and judgment was rendered for the plaintiff thereon, with costs, and the defendant appeals.

For the appellant there was a brief by *Feeney & Atwood*, and oral argument by *G. T. Atwood*.

For the respondent there was a brief by *Greene, Vroman, Fairchild, North & Parker*, and oral argument by *Charles E. Vroman*.

WINSLOW, J. The policy in question here is not a standard policy, but was issued by a township mutual insurance company, and hence the provisions of law which govern the

standard policy do not apply to the present case. Stats. 1898, sec. 1941—64.

1. The first question of the special verdict asks the jury whether the soliciting agent knew when he took the application that the plaintiff had used, and intended to continue using, a steam engine within 200 feet of the insured property. In submitting the question, the court charged the jury as follows: "Now, the only testimony bearing upon that is that of the agent and of the plaintiff's husband who was present at the time this application was made. They both agree that Mr. Worachek, the plaintiff's husband, told the agent that he had used that machinery there, and that it was his intention and purpose, or of the owners of the property, to continue using it. I think, so far as that question is concerned, there really can be no controversy." This charge was certainly erroneous where it says that the insurance agent and the plaintiff's husband both agree that the plaintiff's husband told the agent that he had used the machinery there, because the evidence of the two witnesses named is directly in conflict on this proposition. They do agree, in substance, that plaintiff's husband told the agent that they intended to use it in the future, but this is the extent to which they agree. So, here, manifestly, is an incorrect statement of fact in the charge. It was duly excepted to, and, if it relates to a material question in the case, then it must constitute prejudicial error.

The purpose of the proof upon the subject of the agent's knowledge of the engine and its location within 200 feet of the house was evidently to bring the case within the rule that if an insurer, with full knowledge of the existence of a fact or a condition of things which is contrary to some provision of the policy, nevertheless executes and delivers the policy, he will be held to have waived the condition, or estopped from asserting it. *Schultz v. Caledonia Ins. Co.* 94 Wis. 42; *Johnston v. N. W. L. S. Ins. Co.* 94 Wis.

86    SUPREME COURT OF WISCONSIN.    [102

Worachek vs. The New Denmark Mutual Home Fire Ins. Co.

117–121, and cases cited. This rule has been most frequently applied in cases where the agent was informed of incumbrances, or that the title was not absolute; but there is no. good reason for holding that it would not be equally applicable in a case where he knew when he took the application that steam machinery or inflammable articles were customarily used in or about a building, in violation of a condition of the policy. *Peoria M. & F. Ins. Co. v. Hall,* 12 Mich. 202; *Wright v. Hartford F. Ins. Co.* 36 Wis. 522. But it is almost universally held that the knowledge or information which will thus operate must be knowledge of an existing fact or condition of things, and not a mere statement by the insured of an intention to do some act in the future contrary to the conditions of the policy. Ostrander, Fire Ins. § 350. Such latter statement may or may not be carried out, and it manifestly stands on a different basis from a fact or condition existing to the knowledge of the insurer when the policy was issued.

Applying these principles to the present case, it will be readily seen that it was not sufficient to create an estoppel or waiver of the condition against steam machinery that the agent saw a portable engine in the farmyard. Such sights are frequent and do not necessarily mean that it has been or is to be used where it stands. Nor was it sufficient for the insured to state that he intended to use the engine at some time in that place. This latter would be but a mere statement of future intention, and not information of an existing fact or condition. So, it is clear that a judgment for the plaintiff cannot stand upon the mere finding that Worachek told the agent that they intended to use the engine where it stood, at some time in the future. It may well be that if the engine was apparently permanently located in its position and so attached or capable of attachment to the feed mill that it would be apparent to the agent that it was customarily used in that place, and so had become really a

·condition in which the premises had been and were expected and intended to remain for a considerable part of the time (especially if the agent were also informed of such facts by the parties), such facts would constitute knowledge of a fact, within the meaning of the law, which would estop the insurance company from setting up the condition against the use of steam machinery. Such facts do not appear in the verdict in this case, nor can we say that the evidence conclusively establishes them.

2. The circuit judge charged the jury with regard to the third question of the special verdict, as follows: "Both the terms of the contract policy in question and the law require that in case of loss there should be entire honest dealing between the parties, and that the party who has sustained a loss shall not knowingly make any misrepresentation or false statement relative to the loss, in the proof of loss or in any examination which they may be submitted to by the company; and in this case it appears there was such an examination, and, if the parties did knowingly make any such misrepresentations or statement, it is part of their contract between them, as well as the law of the land, that it shall forfeit all rights under the policy." To the latter part of this instruction, exception is taken, because it states to the jury what the effect of their answer will be upon the plaintiff's right to recover. There is ground for the objection, and doubtless the instruction will not be repeated upon another trial, but, as the case must be reversed upon the first ground stated, it does not become necessary to decide whether this point alone would necessitate reversal.

*By the Court.*— Judgment reversed, and action remanded for a new trial.

BARDEEN, J., took no part.