CHARLES M. HARTLEY v. PENNSYLVANIA FIRE INSURANCE
COMPANY.[1]

January 29, 1904.

Nos. 13,735—(194).

**Fire Insurance—Use of Gasolene.**

Where the agent of a fire insurance company has knowledge of the true
conditions surrounding insured property, and the company issues a policy
in which such conditions are restricted or prohibited, the same are pre-
sumed to have been waived. Rule applied where the policy prohibited
the use of gasolene upon the premises insured, but the agent had knowl-
edge of the fact that gasolene had been used, and that it was the inten-
tion to continue its use for cooking purposes, yet issued a policy without
a special permit attached thereto.

**Evidence.**

The evidence is sufficient to sustain the verdict.

**Arguments of Counsel.**

Certain remarks to the jury by counsel for plaintiff *held* not prejudi-
cial.

Action in the district court for Hennepin county to recover $1,000
and interest upon a policy of fire insurance. The case was tried be-
fore Brooks, J., and a jury, which rendered a verdict in favor of plain-
tiff for the sum demanded. From an order denying a motion for
judgment notwithstanding the verdict or for a new trial, defendant
appealed. Affirmed.

*Childs, Edgerton & Wickwire* and *Welch, Hayne & Hubachek,* for
appellant.

The statute requires an exclusively printed or written contract.
Anderson v. Manchester F. A. Co., 59 Minn. 182, 189; Bourgeois v.
Northwestern, 86 Wis. 606. All previous verbal agreements were
merged in the policy. Insurance Co. v. Mowry, 96 U. S. 544; Union
Nat. Bank v. German Ins. Co., 71 Fed. 473; Insurance Co. v. Lyman,
15 Wall. 664; Thompson v. Insurance Co., 104 U. S. 252; White v.
Ashton, 51 N. Y. 280; Northern Assurance Co. v. Grandview Bldg.
Assn., 183 U. S. 308. As the standard form of policy was not framed
by the insurer, but by the legislature, the rule no longer obtains that

[1]Reported in 98 N. W. 198.

it is to be strictly construed against the insurance company. Bourgeois v. Northwestern, supra; Temple v. Niagara, 109 Wis. 372. As the standard form of policy is a public law, the assured is bound to know what the law required or permitted, for the protection of his rights. Laws 1895, c. 175, § 52; Keith v. Royal, 117 Wis. 531, 94 N. W. 295; Straker v. Phenix, 101 Wis. 413, 419; Temple v. Niagara, supra; Anderson v. Manchester F. A. Co., supra.

If the agreement had in fact been made for a policy containing a stipulation for the use of gasolene upon the premises, plaintiff should have procured a reformation thereof. Until reformed, he was not in position to urge a waiver of the forfeiture. Washburn v. Great Western, 114 Mass. 175; Straker v. Phenix, supra; Hobkirk v. Phenix, 102 Wis. 80; McMaster v. New York Life Ins. Co., 78 Fed. 33, 40; Western Assur. Co. v. Ward, 75 Fed. 338; Equitable Ins. Co. v. Hearne, 20 Wall. 494; Fitchner v. Fidelity, 103 Iowa, 276; Farmers v. Kryder, 5 Ind. App. 430. The law making the executed contract exclusive evidence of the agreement of the parties, and the use of gasolene being permissible only when assented to by an agreement in writing, the agent has no longer power to waive the condition at or prior to the execution of the contract. Anderson v. Manchester F. A. Co., supra; Ætna v. Shryer, 85 Ind. 362; Indiana v. Capehart, 108 Ind. 270; Kyte v. Commercial, 144 Mass. 43. By the acceptance of the standard policy, without the permit endorsed thereon, the assured became estopped from relying on prior verbal representations in conflict with the policy. Merserau v. Phœnix, 66 N. Y. 274; Catoir v. American, 33 N. J. L. 487.

*Hall & Kolliner,* for respondent.

If at or about the time the policy of insurance is issued, the agent has notice of facts which would invalidate the policy, notice of such facts is imputed to the company, and it is estopped from asserting the invalidity of the policy, and is conclusively presumed to have waived the condition which is stated to have been offended against. Brandup v. St. Paul F. & M. Ins. Co., 27 Minn. 393; First National Bank v. American Cent. Ins. Co., 58 Minn. 492; Quigley v. St. Paul Title Ins. & T. Co., 60 Minn. 275; Wilson v. Minnesota Farmers Mut. F. Ins. Assn., 36 Minn. 112; Kausal v. Minnesota Farmers Mut. F. Ins. Co., 31

Minn. 17; Anderson v. Manchester F. A. Co., 59 Minn. 195; 16 Am. & Eng. Enc. (2d Ed.) 935, note 6.

Where the company has knowledge of facts concerning the property which would invalidate the policy, it is conclusively presumed to have waived the provision otherwise offended against, when it issues the policy with such knowledge. Robbins v. Springfield, 149 N. Y. 477; Forward v. Continental, 142 N. Y. 382; Berry v. American, 132 N. Y. 49; McNally v. Phœnix, 137 N. Y. 389; Carpenter v. German, 135 N. Y. 298; Goss v. Agricultural, 92 Wis. 233; Dowling v. Lancashire, 92 Wis. 63; Dick v. Equitable, 92 Wis. 46.

LEWIS, J.

Plaintiff was the owner of a hotel building in the village of Dodge Center, and the defendant company issued an insurance policy upon the same. On June 4, 1901, the building was destroyed by fire, and this action was brought to recover the insurance. The company defended upon the grounds, first, that plaintiff purposely set fire to the building; and, second, that he kept and used gasolene, without defendant's knowledge or consent, and contrary to the terms of the policy. Plaintiff admitted the use of gasolene, but contended that, while written permission was not contained in or attached to the policy, yet defendant had knowledge of the fact, and had waived objection to its use.

The jury having returned a verdict for plaintiff, defendant appealed, and the following questions are urged: (1) That the verdict of the jury is manifestly and palpably against the evidence upon the question of arson. (2) That the verdict is against the evidence upon the question of knowledge and waiver of objection to the use of gasolene. (3) Misconduct of counsel for respondent, committed during the address to the jury.

1. An examination of the record satisfies the court that the verdict is sustained by the evidence upon both propositions. As a general rule, it adds but little to the weight of the decision to review at any length the testimony when the only question before the court is the sufficiency of evidence to support the verdict. The present case is no exception to the rule.

There were some suspicious circumstances growing out of the fact that the hotel had not been profitable; that permanent tenants had

not been procured, and that it had come back upon the hands of respondent, who was conducting another hotel in another part of the village; that a previous fire had occurred in the hotel while occupied by tenants; and that about a month before this fire a small frame building, about a hundred feet from it, had burned. There was some evidence tending to show that respondent had made statements to the effect that he proposed to set fire to the building and get the insurance; the fact that the fire started from a gasolene stove, which had been lighted about four o'clock in the morning (at least an hour prior to any occasion for its use); evidence tending to show indifference on the part of respondent as to the lives of his guests; impeaching testimony as to his reputation; and criminal prosecution against respondent for causing the death of his guests. The property was mortgaged for a considerable sum, and there was also some evidence tending to show that the property was not of any more value than the amount of the insurance. All of these circumstances were relied upon by appellant, and are insisted upon here as furnishing conclusive evidence that respondent set fire to the building for the purpose of collecting the insurance. But, on the other hand, there was testimony contradicting many of these statements, tending to show that the building was of much more value than the insurance; that, although a successful business had not been continuously carried on in the hotel, it had generally rented for a fair sum; that the fire was of accidental origin; and that the conduct of respondent at the time of the fire did not necessarily indicate guilt upon his part.

While in some respects the evidence is not as clear and explicit as one would wish it to be, yet, taken as a whole, it was fairly and fully submitted to the jury, and it was clearly within their province to pass upon all the facts, including the credibility of the witnesses, and we are unable to find any reason for disturbing the conclusion.

2. Under the terms of the policy it was void if gasolene was used upon the insured premises contrary to its terms. It is admitted that the policy did not contain any stipulation or reference to the use of gasolene, but it is claimed that the fact was known to appellant, and that the prohibition of its use had been expressly waived. Upon this point respondent testified that the local agent, Mr. Dresbach, had written the policies in force for the preceding year—in fact for a number

of years; that his policies expired on March 17, 1902, when he had a conversation with the agent, in which he told him he was surprised the previous loss occasioned by gasolene had been settled by the company, there being no permits for its use attached to the policy, and asked the agent if it would prejudice the insurance; that he wanted a gasolene permit attached to the policy, as he intended to continue its use; to which the agent replied that, if he was using gasolene lamps, he would attach a special permit, but that the company made no point on gasolene stoves, and he did not consider a permit necessary.

After the proofs had been made, respondent wrote to his attorney, stating he had applied to the agent for a gasolene permit, and had been told it was not necessary, and the attorney, having referred this matter to the agent, received a letter from him, in which he said that a loss from gasolene explosion had occurred the previous year while the hotel was occupied by a tenant, and the claim for damages had been adjusted; that the present policy was renewed in the same company without the gasolene clause, and that the agent would not state that respondent had or used gasolene, but that he was not in the kitchen department during the life of the policy, and did not, of his own knowledge, know that it was used, and that the permit would have been granted upon application without extra cost. There was evidence to the effect that gasolene had been used in the building for stove purposes during the summer for several years, both while occupied by tenants and by the owner. Although the agent denied the conversation testified to by respondent, and denied that he had knowledge that gasolene was used, yet, as testified to by respondent, gasolene had been used, and a previous fire was occasioned by reason of it, and the company adjusted the loss, although no permit had been granted; and it was a question of fact for the jury to say whether, in renewing the policies in force at the time of the fire without attaching a gasolene permit, the agent knew the owner was in the habit of using gasolene in the building, and that it was his purpose to continue its use; and the finding of the jury upon this question is final.

3. Did the issuing of the policy without the permit, with knowledge of the fact that gasolene was being used, constitute a waiver on the part of the company, so as to make it liable under the policy?

It is the rule of this state that where the agent has knowledge of the

true condition and facts concerning the property insured the company issuing a policy is conclusively presumed to have waived the restriction. Brandup v. St. Paul F. & M. Ins. Co., 27 Minn. 393, 7 N. W. 735; First National Bank v. American Cent. Ins. Co., 58 Minn. 492, 60 N. W. 345; Wilson v. Minnesota Farmers Mut. F. Ins. Assn.; 36 Minn. 112, 30 N. W. 401; Anderson v. Manchester F. A. Co., 59 Minn. 182, 60 N. W. 1095, 63 N. W. 241. In Anderson v. Manchester F. A. Co., supra, it was held in the original decision that the provision in the policy requiring all matters of waiver to be indorsed in writing upon the policy could not be waived, for the reason that it was a statutory contract, and upon reargument the act was, however, upon other grounds declared unconstitutional. The present standard policy was adopted in 1895, and it does not contain the restriction. The rule referred to has not been changed, and the company is bound by the knowledge of its agent.

It is not to be understood, however, that it is intended to extend the rule so as to cover a contract for the future. The distinction is referred to in the case of Worachek v. New Denmark, 102 Wis. 81, 78 N. W. 165. We leave that question open, and limit the rule in this case to the conditions actually existing at the time the policy was written.

4. During the course of the argument counsel for respondent used the following language:

> "For a long year, almost, he fought for his life against the tide of prejudice and suspicion manufactured and fomented by his enemies that hounded him to the jury's front and to the bar of justice. We suspect that they [referring to the defendants] were largely at the bottom of the persistence that was aroused in Dodge Center. But of that no evidence is here."

Appellant took exception to the remarks, in reply to which the court stated, "Very well, it will be noted;" and, appellant's counsel having further excepted to the additional statement of respondent's counsel, "I say that we suspect it. There is no evidence of it," the court said, "If there is no evidence of it, there is nothing to comment on." There was evidence in the case tending to show that respondent had been prosecuted for murder growing out of the death of a guest by reason

of the fire. In effect, the statement of counsel was the expression of a suspicion that appellant might have had something to do with the prosecution of respondent, and, while the evidence may not have justified the inference, in view of the remarks of the court we do not think it was prejudicial.

The other statement of counsel referred and excepted to, we do not deem it necessary to consider.

There are no reversible errors in the rulings, and the order appealed from is affirmed.