POLLOCK, J.
This is an action in error brought to reverse a judgment recovered in the court of common pleas of this county, in an action wherein the defendants in error were plaintiffs and the plaintiff in error was defendant.
In the action in the court below Roberts & Sons brought suit to recover on a policy of fire insurance issued on January 3, 1912, for one year, covering a stock of dry goods, groceries, etc., which on the 22d of February, 1912, was destroyed by fire.
They allege that- they had performed all the conditions of said policy to be performed. To this petition the insurance company filed an answer containing several different defenses, but it is only necessary now to refer to what was denominated *254 the sixth defense. In this defense it was alleged that the policy upon which suit was brought contained a condition that:
‘1 This entire policy unless otherwise provided by agreement endorsed thereon or added thereto shall be void * * * if illuminating gas or vapor be generated in the described building (or adjacent thereto) for use thereof.”
It is further averred that Roberts & Sons maintained and operated on the premises a certain apparatus for generating illuminating gas from gasoline for use thereon, and so kept, used and allowed gasoline in said premises; that it was not otherwise provided by agreement endorsed on said policy or added thereto as provided in the conditions of this policy.
'To this answer the plaintiff below replied that at the time that said insurance was written the agent of the defendant company, who had authority in its behalf to write this insurance and deliver the policy, made examination of the premises and well knew the manner and way in which 'said premises and buildings were lighted and were to be continued to be lighted, and agreed that said provision was to be of no effect and force, and that no change was made in the condition of the premises in that regard from the time the insurance was written until the time of the fire.
The evidence on the trial of this case showed that there was no written application for this insurance made and signed by the plaintiffs below, but that the agent of defendant below who made the contract of insurance knew before and at the time he entered into the contract of insurance, that the building was lighted from a gasoline plant on the premises which generated gas or vapor; that this agent was furnished by the company with blank insurance policies executed by the proper officers of the company; that he was authorized to make contracts of insurance on behalf of the company, fill in the blank insurance policy, collect the premium and deliver the policy.
The court charged the jury that if, at the time of the issuing of this policy, the agent then knew that the building Was then and had been lighted by the use of gasoline turned into vapor— as it is now conceded it was lighted — then the company in this -case is estopped from setting up that defense, and that pro *255 vision of the policy so broken would not defeat the plaintiffs in their right of recovery. Objection was made to the introduction of evidence showing the knowledge of the agent who insured the property of the manner the building was lighted, and also to the charge of the court in that regard. These objections were overruled and proper exceptions noted.
It is held with practical unanimity by the courts of the several states that — notwithstanding the provisions of the policy —an insurance company is estopped from defending on the ground that the policy is void, even if the manner in which the property was being used at the time of the insurance was prohibited by the provisions of the policy, if no application stating the condition of the property has been made and signed by the insured, but the contract of insurance has been made by the agent from his own knowledge, and he at the time he was entering into the insurance had full knowledge of the true condition of the property which he was insuring, and the agent had been furnished with blank policies of insurance by the insurance company, authorized to make contracts of insurance, collect the premium and deliver the policy. 1 Clement, Fire Insurance, p. 416, rule 12; and p. 418, rule 16; and eases cited under these rules; and 2 Clement, Fire Insurance, p. 106, rule 40; and p. 350, rule 33, and cases cited under these rules; 1 Joyce, Insurance, See. 282; Peoples Fire Ins. Assn. v. Goyne, 79 Ark. 315 [96 S. W. 365; 16 L. R. A. (N. S.) 1180; 9 Ann. Cas. 373], and notes; Western National Ins. Co. v. Marsh, 34 Okla. 414 [125 Pacific, 1094]; Hartley v. Insurance Co. 91 Minn. 382 [98 N. W. 198; 103 Am. St. Rep. 512]; Bennett v. Insurance Co. 81 N. Y. 373; Farmers Ins. Co. v. Nixon, 2 Col. App. 265 [30 Pac. 42].
It is true, that the reasons given by the several courts for their decisions are not uniform. In some eases it is based on the ground of a waiver by the agent of this condition of the policy, and by others upon the ground that the company is estopped by the action of its agent from denying that the policy was void from its inception. But whatever the reason given, the .principle underlying all the eases rests upon the legal principle, that the facts known to the agent at the time he entered *256 into the contract, within his apparent authority are the knowledge of the company; and that a fraud would be perpetrated if the insurer were permitted, after a loss had been incurred, to escape a liability on grounds which it knew, under the terms of the policy, rendered it void at this inception. When the agent knew, at the time he was entering into the contract, that the store room containing the property insured was lighted in such a manner that, according to the conditions of the policy, the insurance was void, he was free to either refuse the insurance on the property or accept .the risk in the condition that he knew the property to be in.. He did the latter, and the company, after the loss, should not be permitted to deny that its policy had taken effect.
Roberts, the agent of the insurer, authorized to make contracts of insurance in its behalf, knew that the policy which he delivered as evidence of the contract was void and that the insured, by the terms of that policy had received no consideration for the premium paid and was deceived in the belief that his property was insured when it was not. To prevent the perpetration of such a fraud the courts have very generally held that the insurrer can not, after loss of the property covered by the contract of insurance, escape liability by taking advantage of conditions that it knew, through its agent, at the time it entered into the contract, rendered the policy yoid.
But it is urged that the Supreme Court of this state has held otherwise in the case of Ohio-Farmers’ Ins. Co. v. Titus, 82 Ohio St. 161 (92 N. E. 161). In that case the policy contained a provision in regard to incumbrance that rendered it void, similar to the provision in the policy in this action, which we are considering. The facts as stated by the court, so far as this condition of the policy is concerned, are as follows: the original policy was for $600, and there was an additional insurance added to this policy of $200. At the time of the original insurance the property was incumbered with a mortgage of $2,500 which was noted in the policy. After the insurance this mortgage was released and a mortgage for $4,000 placed on the property. The insurance company, as a defense in that ease, alleged that subsequent to the issuing of that policy and prior to *257 any loss the insured, without any agreement therefor being endorsed on or added to the policy of insurance, violated the terms and conditions of the policy, and that, at the time of the loss by fire, the policy was wholly void. No place in the statement of fact or in the opinion is there any intimation that any insurance was placed on this property after it was mortgaged for $4,000, or that the agents had any knowledge of .the increase of in-cumbrance at the time they made the additional insurance, except in a request to charge which states that the $200 additional insurance was added to the $600 policy after the agents who added the additional insurance had knowledge of the subsequent mortgage. The court, neither in the syllabus. of the ease nor the opinion refers to the fact that the agent who'entered into the contract of insurance had knowledge at the time the insurance was entered into of this additional incumbrance. All they say in regard to, the knowledge of the agent in the syllabus is, “simply because its agent had notice or knowledge of the existence of a mortgage incumbrance and received premiums. ’ ’
We think that, if the Supreme Court of this state had intended to announce a principle that is contrary to what seems to us to be -the great weight of authorities, they would have said so in terms that could not be mistaken. We do not overlook the fact that in the opinion in that case the Supreme Court cites'the ease of Northern Assurance Co. v. Building Assn. 183 U. S. 308 [46 L. Ed. 213], This case sustained the principle contended for by the insurance company. This case was ■ decided by 'a divided court, and the courts of last resort in a number of the states have, after referring to this case, refused to follow it. notwithstanding the great weight that is usually given to a decision of that court.
We feel that the principle announced by the great majority of the courts should control in this case; that the delivery by the agent of the insurer of the policy in suit, with knowledge that the building in which the property insured was kept, was lighted with gas generated on the premises, estops the insurance company from denying liability on that ground in regard to his *258 property which, under the terms of policy, would render the: insurance void.
The judgment is affirmed.
Metcalfe and Spence, JJ., concur.